LAND, J.
 

 This is a contest between relator, J. J. Conway, and W. R. Toledano over the office of commissioner of the Fourth Jefferson drainage district in the parish of Jefferson.
 

 Toledano had been recommended for appointment by 1,023 landowners in the district, having an acreage of 6,381.6 acres, and relator, the then incumbent, had been recommended for appointment by 743 landowners, having an acreage of 12,809.63 acres.
 

 At a meeting held by the police jury March 9, 1927, Toledano was appointed as commis
 
 *841
 
 sioner. In an intrusion into office proceeding instituted by John S3. Fleury, district attorney, against J. J. Conway in the district court of Jefferson parish, the appointment of Toledano was held legal and proper, and Conway was ousted from office.
 

 On appeal by Conway to the Court of Appeal for the parish of Orleans, this judgment was affirmed, and is now before us for review.
 

 Section 7 of Act 85 of 1921 provides in part:
 

 “When there is a contest over the appointment of commissioners, the police jury shall give the appointment to those commissioners who are recommended by landowners owning the majority in number of acres of land in said district, or who are recommended by a majority in number of the landowners in said district, in the discretion of the police jury.”
 

 The total number of landowners in the district was 5,138, and of these 1,023 signed the Toledano petitions, and 743 signed the Conway petitions, neither having a majority.
 

 Toledano contends that section 7 of Act 85 of 1921 means that the police jury has the right to appoint the applicant whose petition is signed by a majority of the participants, whereas relator, Conway, contends that he has a majority of the acreage, and the police jury must appoint him, when neither applicant has a majority of the landowners in the district.
 

 In affirming the judgment of the district court, the Court of Appeal held that the rule applicable to elections should be controlling in the case, and that the majority participating in the contest should decide the result, irrespective of' the total number of parties having a right to participate.
 

 This view of the matter has recently been taken by the Supreme Court in the case of State ex rel. E. R. Ferry v. Peter Buchler, 117 So. 814,
 
 [1]
 
 No. 29244 on the docket of this court, involving also a contest over the office of commissioner of the Fourth drainage district of Jefferson parish.
 

 Even if it be conceded that relator, Conway, was recommended by landowners owning the majority in number of acres of land participating, it is clear that the police jury, under section 7 of Act 85 of 1921, had the discretion to appoint Toledano, who had been recommended by a majority in number of the landowners taking part in the contest, as such discretion is conferred upon the police jury by the express terms of this section under such conditions.
 

 It is therefore ordered that the writ of certiorari issued herein be recalled and vacated, and that relator’s application be dismissed at his cost.
 

 O’NIEMj, C. J., dissents.
 

 [1]
 

 Ante, p. 743.